```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

M. DIANE KOKEN, Insurance              :
Commissioner of the Commonwealth of
Pennsylvania, as Liquidator of         :
AMERICAN INTEGRITY INSURANCE
CO.,                                   :
         Plaintiff
                                       :
         vs.                               CIVIL ACTION NO. 1:CV-98-0678
                                       :

COLOGNE REINSURANCE                    :
(BARBADOS) LTD.,
         Defendant                     :


*M E M O R A N D U M*

I.   *Introduction*.

    Plaintiff, M. Diane Koken, the Pennsylvania Insurance Commissioner, in her capacity as the Liquidator of American Integrity Insurance Company, filed this lawsuit against defendant, Cologne Reinsurance (Barbados), Ltd., to recover on a reinsurance agreement American Integrity had with Cologne. We required the parties to arbitrate the dispute. *See Koken v. Cologne Reinsurance (Barbados), Ltd.*, 34 F. Supp. 2d 240 (M.D. Pa. 1999). After the arbitrators issued their final award, we vacated the award in part on August 23, 2006. *See* 2006 U.S. Dist. LEXIS 59540.

    We are considering the timely motion of defendant Cologne to alter or amend that order. Familiarity with our two previous memorandums is assumed. The motion requests the following: (1) a remand to the original panel so that it can determine the effect of the termination of the Stop Loss Agreement

(part of our August 23 order) on Cologne's right of setoff; and (2) a stay of paragraph 5 of the final arbitral order of March 17, 2006, so that the Trust Account remains subject to the jurisdiction of the Pennsylvania Commonwealth Court.

In response, Koken agrees with the second request to allow the commonwealth court to control the disposition of the Trust Account but opposes remand, arguing that the court should resolve matters that now must be addressed in light of our decision that the Stop Loss Agreement terminated on July 25, 1993.[1] In the alternative, Koken contends that if we decide that the case must be sent back to arbitration, we order that the remand be handled by a different arbitration panel. Koken also argues that arbitration now would be untimely under American Integrity's agreement with Cologne.

We do not think the court should adjudicate the remaining issues. As Cologne points out, the dispute is subject to arbitration, an issue we decided in our first memorandum. Nor would remanding the case for further arbitral proceedings violate any deadline. Koken concedes there is no such deadline, basing the argument instead on thirty-day deadlines for the parties to select their arbitrators, to select an umpire and to submit their

---

[1] Koken represents that termination of the Stop Loss Agreement has stopped balances being generated for Cologne so that "[w]hat remains . . . is to compute the post-July 25, 1993 balances under the Coinsurance Agreement and to render judgment in that amount (plus interest)" for Plaintiff. (Doc. 106, Pl.'s Br. at p. 3)(footnote omitted).

cases. (Doc. 106, Pl.'s Br. at p. 4). Koken infers from these deadlines that any award had to be made "with some promptness," yet the parties submitted their cases well over two years ago, with the July 22, 2005, interim arbitral order issued about thirteen months after the hearing. (*Id.*, p. 4). Nonetheless, in the absence of a contractual deadline, we will not read one into the agreement to preclude further arbitration of the parties' dispute.

The only issue left is whether we should remand to the original panel or require the parties to choose a new one. Defendant argues that remand to the original panel is proper for the following reasons, among others. First, when the parties were before the arbitration panel, they agreed that the arbitration would take place in two phases, with the issues that have to be resolved now as a result of our August 23 order to be handled in Phase II. Thus, the parties have already agreed to arbitrate the issues before the original panel. Second, our order made the final arbitral order of March 17, 2006, ambiguous or incomplete, and in these circumstances courts remand to the original panel for a clarification by those who rendered the decision.

In opposition, Koken argues as follows that remand to the original panel is not proper. First, the doctrine of *functus officio* prohibits it. Second, the original panel has already shown that it has a manifest disregard for the law by the ruling we vacated, specifically the panel's conclusion that 40 P.S. §

3

221.21 did not terminate the Stop Loss Agreement on July 25, 1993, thirty days after the liquidation order was entered.[2]  Koken characterizes the panel as an "industry panel" that has shown it would rule against her as a liquidator, "an involuntary, non-industry litigant."  (Doc. 106, Pl.'s Br. at p. 8).  Koken maintains that a court should not remand a case to a panel that has shown manifest disregard for the law.

We conclude that this case should be remanded to a new panel, but reject Koken's reliance on the doctrine of *functus officio*.  That common-law doctrine bars arbitrators "from revisiting the merits of an award once it has issued."  *Office & Prof'l Employees Int'l Union v. Brownsville Gen. Hosp.*, 186 F.3d 326, 331 (3d Cir. 1999).  They are viewed as having "exhaust[ed] their power when they have made a final determination on the matters submitted to them."  *Id.* (quoted case omitted).  One of the reasons for the rule is to protect against the pressure that might be applied to arbitrators, who do not have the institutional protection of judges, to change their ruling.  *Id.* (quoted case omitted).  In this case, however, *functus officio* does not apply because the panel will not be revising its decision, either on its own or because we have ordered it to do so.  It will instead be taking up issues that must be resolved in light of our August 23, 2006, order partially vacating their decision.  When we vacate an

---

[2]  In our memorandum accompanying the August 23, 2006, order, we decided this was a manifest error of law.

4

arbitral decision, we have the authority to remand for another hearing. *See* 9 U.S.C. § 10(b).

However, Koken's argument that a case should not be remanded to a panel that has shown manifest disregard for the law has merit. We have discretion to remand to the original panel or to a new one. *In re the Arbitration Between Tempo Shain Corp. v. Bertek, Inc.*, 1997 WL 580775, at *2 (S.D.N.Y.). Generally, the remand should be to the original panel because of the efficiency and cost effectiveness involved. *Id.* If the panel has acted "in a manner from which one might infer bias against one of the parties, corruption, fraud, or other misconduct" the remand should be to a new panel. *In re A.H. Robins Co.*, 230 B.R. 82, 86 (E.D. Va. 1999). As cited by Koken, however, another reason for remanding to a new panel would be if the original panel had manifestly disregarded the law. *See Montes v. Shearson Lehman Bros. Inc.*, 128 F.3d 1456, 1461 (11th Cir. 1997). While the facts of *Montes* are an egregious example of manifest disregard for the law, we conclude here that remand to another panel is appropriate.[3]

---

[3] The Eleventh Circuit later noted the following facts in *Montes*: "'the party who obtained the favorable award had conceded to the arbitration panel that its position was not supported by the law, which required a different result, and had urged the panel not to follow the law; 2) that blatant appeal to disregard the law was explicitly noted in the arbitration panel's award; 3) neither in the award itself nor anywhere else in the record is there any indication that the panel disapproved or rejected the suggestion that it rule contrary to law; and 4) the evidence to support the award is at best marginal.'" *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 911 (11th Cir. 2006)(quoting *Montes*, 128 F.3d at 1464 (Carnes, J., concurring)).

In reaching this conclusion, we reject Cologne's contention that the parties agreed to arbitrate before the same panel. That agreement contemplated a Phase I and a Phase II that would both occur before the panel issued a final arbitral order. As it turned out, after Phase I the parties were able to reach agreement, and a final order was entered without having to reach Phase II. There was no agreement on what would happen if intervening judicial review of the final order required further arbitral proceedings.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 5, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

M. DIANE KOKEN, Insurance :
Commissioner of the Commonwealth of
Pennsylvania, as Liquidator of :
AMERICAN INTEGRITY INSURANCE
CO., :
   Plaintiff
           :
   vs.       CIVIL ACTION NO. 1:CV-98-0678
           :
COLOGNE REINSURANCE :
(BARBADOS) LTD.,
   Defendant :

*O R D E R*

   AND NOW, this 5th day of December, 2006, upon consideration of defendant Cologne's motion (doc. 101) to alter or amend the order of August 23, 2006, and the response thereto, it is ordered that:

   1. Pursuant to 9 U.S.C. § 10(b), this matter is remanded for a hearing before a new arbitration panel to address and resolve the issues raised and re-opened by the August 23, 2006, order.

   2. The operation of paragraph 4 of the August 23, 2006, order is stayed, as respects the Trust Account identified in paragraph 5 of the final arbitral award of March 17, 2006, pending further order of the Pennsylvania Commonwealth Court.

                /s/William W. Caldwell
               William W. Caldwell
               United States District Judge